IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| RADIANS, INC., <br> NEESE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARVIN D. CHARLTON <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 2:19-cv-86 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR RELIEF, FOR A FOREIGN ANTI-SUIT INJUNCTION, FOR AN ANTI-ARBITRATION INJUNCTION, AND TO COMPEL ARBITRATION**

Defendant previously worked for one of the Plaintiffs and voluntarily resigned his employment earlier this year. Now disgruntled, Defendant has made baseless allegations and stirred up controversies that are entirely without merit. Plaintiffs file this lawsuit, at least in part, to declare Plaintiff's allegations and controversies for what they are: baseless and entirely without merit, to obtain injunctive relief, and to compel Defendant to arbitration.

## THE PARTIES

1. Plaintiff Radians, Inc. ("Radians") is a corporation organized under the laws of the State of Tennessee, with a principal place of business in the State of Tennessee.

2. Plaintiff Neese Industries, Inc. ("Neese") is a corporation organized under the laws of the State of Louisiana, with a principal place of business in the State of Louisiana.

3. Defendant Marvin D. Charlton ("Defendant") is an individual and citizen of the State of Texas. He may be served with process at 895 Seymour Street, Eagle Pass, Texas 78852.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331, as this lawsuit arises under federal law, including the Fair Labor Standards Act ("FLSA").

5. This Court independently has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Additionally, Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, codified at Title 28, United States Code, Sections 2201 through 2202, empower this Court to award declaratory relief.

7. This Court has personal jurisdiction over Defendant because Defendant is subject to general jurisdiction in the State of Texas.

8. This is the proper venue for this lawsuit pursuant to Title 28, United States Code, Section 1391(b)(1), because Defendant resides within this District and Division; he is the only named defendant; he is a resident of the State of Texas; and this District and Division is located in the State of Texas.

9. Alternatively, this is the proper venue for this lawsuit pursuant to Title 28, United States Code, Section 1391(b)(2), because most of the events giving rise to this lawsuit occurred in this District and Division.

## FACTUAL BACKGROUND

10. Neese manufacturers industrial protective clothing and consumer rainwear. In May 2018, Neese was acquired by Radians.

11. Defendant worked for Neese at the time of the acquisition. Following the acquisition, Defendant's employment with Neese continued, largely dictated by a written employment agreement. The Employment Agreement ("EA") is attached as Exhibit 1.

12. Under the EA, Defendant agreed to serve as General Manager of Neese's operations in Mexico. (EA, ¶ 2.) This required frequent travel to Mexico, but Defendant, at all times relevant to this matter, resided in and was paid as a resident of the State of Texas.

13. Defendant was paid on a salary basis (*id*., ¶ 3(a)) and was otherwise exempt from the FLSA's overtime requirements. Additionally, Defendant was entitled to participate in "employee benefit plans and other fringe benefits maintained from time to time by [Neese]." (*Id*., ¶ 3(c).)

14. The EA is governed by Tennessee law (*id*., p. 1) and contains a valid and enforceable arbitration provision (*id*., ¶ 10). Under that provision, Defendant agreed to arbitrate any matter "arising out of or related to" the EA, i.e., arising out of or relating to his employment. (*Id*., ¶ 10.)

15. In or around February 2019, Neese provided notice and subsequently terminated Defendant's employment agreement. Defendant's employment continued with Neese on an "at will" basis, largely under the same terms and conditions as before.

16. Also, although the EA was terminated, Defendant's agreement to arbitrate continued. Per the terms of the EA, "[n]otwithstanding the termination of the [EA] . . . Section 10 [Defendant's agreement to arbitrate] shall survive such termination as if [the EA] remained in full force and effect, and no such termination shall terminate the covenants and obligations stated in said Sections hereof." (*Id*., ¶ 4(d).)

17.     Defendant's employment with Neese continued into August 2019.  At which time, Defendant notified Neese of his plans to retire.  He confirmed this in an email, which is attached as Exhibit 2.[1]

18.     Less than one month later, in September 2019, Neese accepted Defendant's voluntary resignation, which marked the end of his at-will employment with Neese.  At all times relevant to this matter, Defendant was an employee of Neese, not Radians.

19.     Following his resignation, disputes have arisen between Plaintiffs and Defendant arising out of his employment.  Defendant asserts that his separation was wrongful and that he should be reinstated as General Manager.  Defendant further asserts that he is entitled to unspecified amounts of unpaid overtime and payment for breaks.  He also claims Plaintiffs owe him bonuses and wrongly withheld taxes and other contributions from his paychecks.

20.     Defendant's allegations should be heard by an arbitrator, at least in relevant part, and are otherwise baseless.  Defendant is not entitled to any relief whatsoever, and he cannot show otherwise.

## COUNT 1 – DECLARATORY RELIEF
## RADIANS NEVER EMPLOYED DEFENDANT

21.     Plaintiffs incorporate and reallege Paragraphs 10-20.

22.     There exists an actual and justiciable controversy between Radians and Defendant as to whether an employment relationship existed, i.e., whether Radians employed Defendant.

23.     Radians seeks declaratory relief on this controversy.  Specifically, Radians seeks a declaration that it did not employ Defendant and, as a result, Defendant cannot assert wage-, benefit-, or employment-related claims against Radians.

---

[1] Defendant goes by his middle name, Dennis, which is why the email shows "Dennis Charlton," not Marvin Charlton.

## COUNT 2 – DECLARATORY RELIEF
## EXISTENCE OF A BINDING ARBITRATION AGREEMENT WITH NEESE

24. Plaintiffs incorporate and reallege Paragraphs 10-20.

25. There exists an actual and justiciable controversy between Neese and Defendant with respect to whether Defendant agreed to arbitrate with Neese.

26. Neese seeks declaratory relief on this controversy. Specifically, Neese seeks a declaration that it employed Defendant, and in connection with that employment, specifically in executing the EA, Defendant agreed to be bound by and submit to arbitration.

## COUNT 3 – DECLARATORY RELIEF &
## COMPEL DEFENDANT TO ARBITRATE WITH NEESE

27. Plaintiffs incorporate and reallege Paragraphs 10-20.

28. There exists an actual and justiciable controversy between Neese and Defendant with respect to whether Defendant must arbitrate any and all claims and disputes with Neese.

29. Neese seeks declaratory relief on this controversy. Specifically, Neese seeks a declaration that Defendant agreed to arbitrate any claim (or dispute) in connection with (or arising out of) his employment with Neese; that Defendant's agreement to arbitrate is enforceable; and that his current claims and disputes are covered by his agreement to arbitrate.

30. Neese further asks the Court to enforce Defendant's agreement to arbitrate and, pursuant to the Federal Arbitration Act, namely Section 4, compel Defendant to arbitration.

## COUNT 4 – DECLARATORY RELIEF
## IN THE ALTERNATIVE - NEESE OWES DEFENDANT NOTHING

31. Plaintiffs incorporate and reallege Paragraphs 10-20.

32. There exists an actual and justiciable controversy between Neese and Defendant with respect to whether Defendant's separation was "wrongful" or actionable in any way, and

with respect to whether Neese should have paid Defendant for breaks, owes him unpaid overtime/bonuses, or owes him taxes and other contributions withheld from his paychecks.

33. Neese, as set forth in Counts 2 and 3, asserts that such claims and disputes must be arbitrated. But if—and only if—the Court declines to compel arbitration, then Neese seeks declaratory relief on this controversy.

34. Specifically—if and only if the Court declines to compel arbitration—Neese seeks a declaration that it does not owe Defendant unpaid bonuses, wages for breaks and overtime, nor other taxes/contributions withheld from his paychecks.

## PRAYER FOR RELIEF

35. Radians respectfully requests judgment against Defendant declaring that it did not employ Defendant and, as a result, Defendant cannot assert wage-, benefit-, or employment-related claims against Radians.

36. Neese respectfully requests judgment against Defendant declaring that: (i) it employed Defendant; and (ii) Defendant agreed to arbitrate claims in connection with that employment, and otherwise compelling Defendant to arbitration.

37. Alternatively—and only in the alternative—Neese respectfully requests judgment against Defendant declaring that it does not owe Defendant unpaid bonuses, wages for breaks and overtime, nor other taxes and contributions withheld from his paychecks.

38. Plaintiffs also respectfully request entry of a foreign anti-suit injunction and an anti-arbitration injunction preventing Defendant from prosecuting or pursuing, in other jurisdictions and forums, the claims and disputes giving rise to this action. If Defendant were to do so, it would be oppressive and involve inequitable hardships—especially in light of his agreement to utilize arbitration as an exclusive venue and form. Accordingly, should Defendant

do so—i.e., should Defendant work in any way to circumvent the injunctive relief Plaintiffs seek—Defendant should be held liable for all damages and costs resulting from his actions.

39. Finally, Plaintiffs respectfully request an award of all costs, expenses, and attorney fees incurred by them in readying, bringing, and prosecuting this action.

Respectfully submitted, this, the 12th day of December, 2019.

                                */s/ Melissa Vest*
                                **MELISSA VEST**
                                Texas Bar No. 24096002
                                Federal Bar No. 3208933
                                mvest@bakerdonelson.com
                                BAKER, DONELSON, BEARMAN,
                                  CALDWELL & BERKOWITZ, PC
                                1301 McKinney Street, Suite 3700
                                Houston, Texas 77010
                                (713) 650-9700 – telephone
                                (713) 650-9701 – facsimile

                                **WHITNEY M. DOWDY**
                                Tennessee Bar No. 24985
                                *Pro Hac Vice Application Forthcoming*
                                wdowdy@bakerdonelson.com

                                **ZACHARY B. BUSEY**
                                Tennessee Bar No. 29763
                                *Pro Hac Vice Application Forthcoming*
                                zbusey@bakerdonelson.com

                                BAKER, DONELSON, BEARMAN
                                CALDWELL & BERKOWITZ, P.C.
                                165 Madison Avenue, Suite 2000
                                Memphis, Tennessee 38103
                                (901) 577-2000 – telephone

                                ***Attorneys for Radians, Inc. and Neese Industries, Inc.***